K. P. GIFFORD, dba The Finance Trust Company, Appellant,

v.

Laverne GABBARD et vir, Appellees.

No. 5233.

Court of Civil Appeals of Texas.

El Paso.

July 17, 1957.

Rehearing Denied Sept. 25, 1957.

Jack L. Brewster, El Paso, for appellant.

Richard C. White, El Paso, for appellees.

**WILLIAMS, Justice.**

This was a suit filed by appellees Laverne Gabbard, dba Time-Plan Used Car Sales, joined pro forma by her husband, Cecil Gabbard, against appellant K. P. Gifford, dba The Finance Trust Company, as the result of appellant causing execution to issue on a certain judgment obtained by appellant against appellee Cecil Gabbard in the amount of $177.68. Pursuant to such execution, the Sheriff of El Paso County, Texas, on the 26th day of April, 1956, levied upon a certain 1947 4-door sedan Pontiac automobile, bearing motor number KSMD-6570. Appellee Laverne Gabbard, dba The Time-Plan Used Car Sales, claiming that such automobile was her separate property, brought suit against appellant and Jimmy Hicks, Sheriff of El Paso County, Texas, for damages and an injunction prohibiting the sale of said automobile. No jury was demanded and the trial was to the Court. At the close of plaintiff's case, appellant duly moved the court for judgment in his favor, which motion was by the court overruled and exception taken. Appellant duly moved the court for appointment of an auditor to ascertain certain facts as well as that justice might be done between the parties. Such motion was overruled by the court and exception duly taken by appellant. At the close of the evidence the court granted judgment in favor of appellees, directing that they recover said 1947 Pontiac 4-door sedan; that Jimmy Hicks, the Sheriff of El Paso County, should be enjoined from selling said automobile, and that appellant should pay all costs of suit in connection with the levy of execution and storage of said automobile. To all of this appellant duly excepted and gave notice of appeal. Appeal bond was approved and filed.

Appellant assigns three errors which, briefly, are as follows:

1. There was no proof that the automobile in question was the separate property of Laverne Gabbard.

2. Since the community assets (the profits) had been so commingled with the separate funds of Laverne Gabbard, all the property, as a matter of law, had become community.

3. That the court erred in not appointing an auditor as requested by appellant.

The trial court entered the following Findings of Fact and Conclusions of Law:

"Findings of Fact

"1. On the 23rd day of March, 1956, the defendant, K. P. Gifford, obtained a judgment against the plaintiff, Cecil Gabbard, in the sum of $177.68.

"2. At the time of the recovery of the judgment and at the time that debt was incurred, the plaintiff Laverne Gabbard and the plaintiff Cecil Gabbard were husband and wife and the debt was a community debt.

"3. The plaintiff Laverne Gabbard had had her disabilities as a married woman removed prior to the time of the trial of this suit, and at the time she commenced the business conducted under the name of the Time-Plan Used Car Sales, she duly filed with the County Clerk of El Paso County, her certificate required by the Assumed Name Statutes, to the effect that she was the sole owner of the above business.

"4. All of the money put into the above business was the separate property of the plaintiff Laverne Gabbard.

"5. The defendant Cecil Gabbard was employed by the plaintiff Laverne Gabbard as the Manager of the said business, at a salary of $50.00 per week,

but had no other interest or connection with the said business.

"6. The automobile levied upon and for the possession of which the plaintiff Laverne Gabbard has sued the defendant, was the property of the plaintiff Laverne Gabbard.

"7. At the time of the levy of the execution upon the automobile in question, no profits had accrued on the investment of the separate property of plaintiff Laverne Gabbard, and the community had acquired no present rights in the business or its property.

"Conclusions of Law

"I conclude that as a matter of law from the facts and a stipulation of the parties, that the plaintiff Laverne Gabbard is entitled as a matter of law to have the automobile in question returned to her as her separate property and the costs and the accrued storage as costs adjudged against the defendant K. P. Gifford.
"Dated this 13th day of July, A.D. 1956.
M. V. Ward, Judge."

We do not think it necessary to re-hash or discuss the testimony in full, but merely say that we conclude that all of the Findings were amply supported by the testimony; in fact, the testimony on these essential elements is almost undisputed and very conclusive.

■ Appellant's Points 1 and 2 are discussed by him jointly, and his main contention is that the testimony showed that some automobiles were sold at an amount greater than was paid for that particular car, and therefore that constituted a profit, although the undisputed testimony showed that no profit was made at the close of the period in question. For his contention, appellant relies almost exclusively on

Epperson v. Jones, 65 Tex. 425. That case lays down the general rule that profits from a wife's separate business are community property, but it does not stand for the proposition each little item must be considered separately and stand on its own. If that were true, a married woman running a grocery store would have to keep the profit on each Coca Cola or each tomato sold separate and apart from the other business, lest the entire business, over-night, be converted to community property. In the Epperson case, the first stock of goods which was purchased in part with the wife's separate money, was sold, and an entirely new business purchased, and in that case it was held that the profits from the first business were community assets, and had not been kept separate and apart, and therefore were commingled and became community property.

■ Of course, it is the universal rule that profits from wife's property are community and that when so commingled as to lose their identity they become community; but here, the court held that there were no profits. With this we agree. The business had operated only a few months; the original investment had not been repaid, and the undisputed evidence showed that when the car was purchased, there was a loss to the business as a whole. (23 Tex.Jur. 90, Sec. 67). For a correct definition of profits in a commercial transaction, see McDaniel v. State Fair, Tex.Civ.App. Dallas, 1926, 286 S.W. 513, 516, Err.Ref., wherein it is said:

"* * * the word profit, when used * * * means * * * as to a commercial enterprise, the difference between the combined cost of the stock of merchandise and all operating expenses and the total receipts of said business—the difference where there is a gain over the investment representing the profits of the business and, where

the returns are less than the investment, a loss to the business."

The Epperson case also holds that "property purchased by the wife on credit, becomes community property." That case was decided in 1886, long before many of the present laws concerning wife's separate property and credit were passed. The present doctrine in this regard is well stated in 23 Tex.Jur., p. 91 et seq., which in part reads as follows:

"Her right to purchase upon credit and to become the owner of the thing thus purchased cannot well be denied * * * so the general doctrine may be said to be that the wife may acquire separate property on credit where that credit is her own and not that of her husband, or of the community * * the husband may freely borrow for his separate estate, and the wife may likewise do so, where the facts show the indispensable intentions to repay out of her separate funds."

■ We therefore hold that no error is shown by appellant's assignments 1 and 2, and his assignment 3 is likewise without merit. The undisputed evidence shows that all the books, vouchers, sales slips, and other data concerning this business were introduced into evidence. The books were shown to be in simple form and, for the last two months or so of the business, had been kept by Raquel Gonzalez, who had studied bookkeeping and at least knew something about it. She also testified that she had audited the books kept by Laverne Gabbard prior to the time that she took over the bookkeeping, and that she had correctly made up Exhibits 1 and 2, which analyzed all the books, and showed by Exhibit 1 that on April 17, 1956, the day this car was purchased, the business stood a net loss of $915.76. Exhibit 2 showed that on April 26, 1956, the date the car was seized, the business had suffered a net loss

of $551.02. Both she and Laverne Gabbard testified without dispute that they had correctly kept the books. Appellant contended that the books had not sufficiently been kept, but it is clear that an auditor could not have remedied this situation. The trial judge was of the opinion that he could understand the books and did not need the assistance of an auditor, so certainly he did not abuse his discretion in declining to appoint one. Rule 172 Texas Rules of Civil Procedure.

Wherefore, the judgment of the trial court is affirmed.