Sammy A. FAMBRO, Appellant,

v.

Patricia Anne FAMBRO, Appellee.

No. 2–82–017–CV.

Court of Appeals of Texas,
Fort Worth.

July 8, 1982.

Joe Brent Johnson, Fort Worth, for appellant.

Thomas P. Earls, Dallas, for appellee.

Before MASSEY, C. J., and SPURLOCK and JORDAN, JJ.

## OPINION

SPURLOCK, Justice.

This is a case tried to a jury involving a suit for change of child custody under Tex. Family Code Ann. Sec. 14.08 (1975). Petitioner Sammy A. Fambro appeals from a Judgment Non Obstante Veredicto by which the trial court denied his Motion to Modify the Conservatorship of David W. Fambro, age almost 14, and Billy M. Fambro, age 11. Motion for judgment Non Obstante Veredicto was by Mrs. Fambro.

We affirm.

The parties were divorced on May 19, 1978. Patricia Anne Fambro was appointed Managing Conservator of the boys, and Sammy A. Fambro was appointed Possessory Conservator. The custody arrangement was agreed upon by both parties in an agreement incident to divorce.

After the divorce Mrs. Fambro and the boys moved to Fort Worth, where they currently reside. Fambro stayed in Stephens County and married another woman.

Fambro alleged that there were problems in exercising his visitation rights with the boys because of a conflict in the schedule of their soccer games. He filed his motion to modify managing conservatorship on December 12, 1980 and a jury trial was had beginning October 19, 1981. At the close of the evidence Mrs. Fambro moved for an instructed verdict, which was denied and the cause was submitted to the jury on special issues. The jury found that a material and substantial change of circumstances of the parties had occurred since rendition of the divorce decree, that the preservation of Mrs. Fambro as managing conservator would be injurious to the welfare of the children, and that the appointment of Fambro would be a positive improvement for the children. The jury further found that the value of legal services performed by Fambro's attorney was $4,000.00 and the value of legal services performed by Mrs. Fambro's attorney was $3,000.00.

Mrs. Fambro then filed her motion to disregard jury findings and to render judgment notwithstanding the verdict, which the court granted. By the judgment the court adjudged also the liability of Fambro to pay $3,000.00 to Mrs. Fambro's attorney as attorney's fees.

In his first two points of error Fambro contends that the trial court erred in granting Mrs. Fambro's judgment notwithstanding the verdict because Sec. 11.13(b) of the Texas Family Code prohibits a trial court from granting such a motion in a child custody case on the issue of managing conservatorship and requires the trial court to abide by the jury's determination on the issue of managing conservatorship.

Sec. 11.13(b) reads as follows:

The verdict of the jury is binding on the court except with respect to the issues of managing conservatorship, possession, and support of and access to a child, on which the verdict is advisory only, provided, however, the court may not enter a decree that contravenes the verdict of the jury on the issues of managing conservatorship, possession of, or access to a child.

The courts have uniformly held, since the 1961 amendment that the legislature intended that instead of permitting the jury finding to be advisory, as it was prior to the amendment, that such jury finding would be binding upon the court but only when supported by the evidence as in any other civil action where the parties have a right of trial by a jury. *Griffith v. Griffith*, 462 S.W.2d 328 (Tex.Civ.App.—Tyler 1970, no writ).

In a jury case, where there is no evidence of a material change of conditions that affects the best interest and welfare of the minor child subsequent to the rendition of the judgment which placed the child in the custody of a certain person or institution the trial court should, upon a motion for an instructed verdict by the custodian, grant the same, and refuse to change the custodial provisions contained in the former judgment. *De Gaish v. Marriott*, 345 S.W.2d 585 (Tex.Civ.App.—San Antonio 1961, no writ). If there is evidence of probative force from which reasonable minds might have reached the same conclusion as that reached by the jury, then the evidence is sufficient to support the jury's finding, and the trial judge would be required to render judgment in keeping with the jury finding. *Kirchner v. Van Skike*, 410 S.W.2d 467 (Tex.Civ.App.—Tyler 1966, no writ). If, however, there was merely some evidence to support such finding, the trial court could, as in any other civil case, grant a new trial, either on his own motion, or in response to a formal motion for new trial, if he was of the opinion that the evidence was factually insufficient to support such finding, or that the finding was so against the great weight and preponderance of the evidence as to be manifestly unjust. In *In re Y.*, 516 S.W.2d 199 (Tex.Civ.App.—Corpus Christi 1974, writ ref. n. r. e.).

The trial judge, however, could not disregard such finding, substitute his own find-

ing for that of the jury, and render judgment contrary to the jury's finding. *Becerra v. Garibaldo*, 526 S.W.2d 780 (Tex.Civ. App.—Corpus Christi 1975, writ ref. n. r. e.).

■ Thus, the granting of a judgment non obstante veredicto in this case is improper.

Fambro's first two points of error are sustained.

We now turn to question of what action, if any, this court of appeals can take. We find proper action to depend on Mrs. Fambro's cross-points on appeal. She contends that the evidence adduced at trial was legally insufficient (or "no evidence") to support the jury's answers to special issues one and two finding a material change in circumstances and preservation of Mrs. Fambro as managing conservator to be injurious to the children. She further contends that the jury's answers were so against the great weight and preponderance of the evidence as to be clearly wrong (insufficient evidence).

In *T. A. B. v. W. L. B.*, 598 S.W.2d 936 (Tex.Civ.App.—El Paso 1980, aff'd. 606 S.W.2d 695), the court of appeals held that it could not enter judgment that would contravene the verdict of the jury in a suit affecting the parent-child relationship, and thus, it would decline to consider no evidence points.

In its opinion in connection with the refusal of a writ the Supreme Court stated that its action was not to be construed as approving the language of the Court of Civil Appeals that Sec. 11.13(b) of the Texas Family Code prohibits an appellant court from considering no evidence points properly raised on appeal.

■ Regardless of the trial court's lack of authority to grant the judgment below, we deem it within this court's power to render judgment in a proper case where it sustains a no evidence point. As will be later elaborated we hold such evidence as there was not to have probative force and effect to support Fambro's case for change of custody meaning "no evidence".

In his third and fourth points of error Fambro contends that the trial court erred in granting Mrs. Fambro's motion for judgment notwithstanding the verdict because there was sufficient evidence to warrant the submission and support the answers to special issues one and two. By our holding of "no evidence" it naturally follows that there was insufficient evidence as well.

Tex. Family Code Ann. Sec. 14.08(c)(1) (1975) sets forth the requirements that must be met before the trial court may appoint a new managing conservator for a child. It provides:

"After a hearing, the court may modify an order or portion of a decree that: (1) designates a managing conservator if the circumstances of the child or parent have so materially and substantially changed since the entry of the order or decree to be modified that the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of the new managing conservator would be a positive improvement for the child; . . ."

Evidence introduced at trial included testimony from Fambro, both boys, and Mrs. Fambro. This evidence included the fact that Fambro's visitation rights were interfered with by the boy's participation in a soccer league. This was the thrust of Fambro's argument that his rights to visit with the boys had been thwarted by Mrs. Fambro.

■ Evidence was also presented to the jury concerning Fambro's remarriage and the respective home lives offered by both parties. This evidence will be disregarded. In a recent Texas case the Supreme Court held that the term "parent" within the meaning of section 14.08 of the Family Code providing that the court may modify an order or portion of a decree that designates a managing conservator if the circumstances of the child or parent have so materially and substantially changed that retention of the present managing conservator would be injurious to the welfare of the child, does not include the possessory

conservator. *Jones v. Cable*, 626 S.W.2d 734 (Tex.1981). That same matter was the subject which the Fambro evidence tended to prove. It should not be considered for such a purpose.

The boys testified that they preferred life on the ranch, where they had lived prior to the divorce. Fambro testified that both children told him they were unhappy living with their mother and that they wished to live with him. While this testimony has its significance, these facts are not sufficient to warrant a jury finding that the boys would be injured by remaining with their mother. In other words it did not raise as an issue of fact the question of whether retention of Mrs. Fambro as managing conservator would be injurious to the welfare of the children.

Under the 1975 statutory amendment, before change of child custody can be ordered it must be shown both that retention of the present managing conservator would be injurious to the welfare of the child and that appointment of a new managing conservator would be a positive improvement for the child. V.T.C.A. Family Code Sec. 14.08(c)(1). *O. v. P.*, 560 S.W.2d 122 (Tex.Civ.App.—Fort Worth 1977).

Fambro's points of error three and four are overruled and Mrs. Fambro's cross-points of error one and two are sustained.

In his last three points of error Fambro contends that the trial court erred in awarding attorney's fees to Mrs. Fambro's attorney, because there was no evidence, or insufficient evidence to support the award and that it was an abuse of discretion to award attorney's fees to Mrs. Fambro as costs, because the jury's verdict favored Fambro.

The award of costs, or costs and attorney's fees is discretionary with the court under the Texas Family Code. The fee, if awarded, must be supported by evidence. *Great American Reserve Insurance Co. v. Britton*, 406 S.W.2d 901 (Tex.1966). There is ample evidence to support the award of $3,000.00. Indeed $3,000.00 was the amount found by the jury. The granting of attorney's fees in domestic relations matters rests within the sound discretion of the trial court, and the trial court's order will not be disturbed unless a clear abuse of discretion is shown. *Carnes v. Transport Ins. Co.*, 615 S.W.2d 909 (Tex.Civ.App.—El Paso 1981, no writ).

Rule 131, Texas R.Civ.Pro. provides that the successful party shall recover costs, except where otherwise provided, and Rule 141 states that the court may, for good cause stated on the record, adjudge the costs otherwise than as provided by law or these rules. *Walker v. Showalter*, 503 S.W.2d 624 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ).

"It is sometimes difficult to determine who is the successful party, entitled to recover costs. Clearly, if the only issue is decided in favor of the defendant, costs are properly adjudged against the plaintiff. Failure of the plaintiff to recover on every count does not, however, mean that he is not a successful party; even though a plaintiff is awarded only part of the relief he asks, he is ordinarily entitled to costs under the rule providing that the successful party in an action is entitled to costs ..." 15 Tex.Jur.2d 10, Costs Sec. 5.

While we recognize that in some cases it may be difficult to determine who is the successful party, that is not the case here because Mrs. Fambro did prevail in the trial court.

Fambro's points of error numbers five, six, and seven are overruled.

Judgment is affirmed. Though it was improper for the trial court to have rendered the judgment for Mrs. Fambro; because of the prohibitory language of Sec. 11.13(b) of the Family Code, had it rendered a contrary judgment for Fambro, we would have been obliged to reverse it and render a judgment identical to that by the trial court upon an appeal taken therefrom if supported by contentions identical to those of Mrs. Fambro's cross-points to the Fambro appeal. The situation presents an anomaly; Fambro has shown an entitlement to relief which Mrs. Fambro has demonstrated to

have no value to him despite his entitlement. To do other than we have done in disposition of the case would be pointless.