**Richard Hanlan Patrick PADON, Appellant,**

v.

**Carolyn Lee PADON, Appellee.**

**No. 04–82–00429–CV.**

Court of Appeals of Texas, San Antonio.

March 21, 1984.

Rehearing Denied April 19, 1984.

Jonathan Yedor, Benson & Yedor, San Antonio, for appellant.

Kirk Patterson, Stewart, Hemmi & Pennypacker, Oscar C. Gonzalez, San Antonio, for appellee.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

## OPINION

REEVES, Justice.

■ This is an appeal from a division of property in a divorce action. Appellant, Richard Hanlan Patrick Padon, and appellee, Carolyn Lee Padon, were married on January 29, 1971. At the time the parties married, appellant was not divorced from his first wife. That divorce did not become final until October 20, 1977. The trial court, in its additional findings of fact and conclusions of law, found that both parties believed in good faith they had a valid marriage; that appellee was a putative wife between January 29, 1971 and October 20, 1977, and as such, she was entitled to all the rights and privileges of a lawful wife to the extent of being entitled to an equal interest in all property which would have been community property had the parties been lawfully married during this period of time. These findings are not attacked on appeal. Appellee is thus entitled to the same rights in property acquired during the putative relationship as if she were a lawful wife. *Davis v. Davis*, 521 S.W.2d 603, 606 (Tex.1975); *Lee v. Lee*, 112 Tex. 392, 247 S.W. 828 (1923).

Appellant's first point of error challenges the trial court's finding of fact and conclusion of law that "substantial items of property were acquired during the marriage with community and separate funds which were so mixed and commingled as to defy resegregation and identification." Appellant challenges this finding solely as it relates to the parties' house, located at 14803 Bold Venture, San Antonio, Texas, in order to prevent the finding from being accepted as proven. *Waters v. King*, 353 S.W.2d 326 (Tex.Civ.App.—Dallas 1961, no writ).

Appellant, in his second and third points of error, challenges the award to appellee of $50,000.00 [1] as reimbursement for the enhanced value of the house of the parties. Appellant contends there is no evidence, or in the alternative insufficient evidence, to support such an award.

In viewing appellant's attack on the sufficiency of the evidence, we are guided by the well established rules of appellate review as stated in *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Texas & New Orleans R.R. Co. v. Burden*, 146 Tex. 109, 203 S.W.2d 522 (1947) and *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). *See also* Calvert, *"No Evidence" and "Insufficient Evidence"* Points of Error, 38 TEXAS L.REV. 361 (1960); O'Conner, *Evidence Points on Appeal*, 37 TEX.B.J. 889 (1974).

The evidence elicited at trial shows the following: During the marriage of the parties, Mr. Padon's father died leaving Mr. Padon an amount in excess of $160,000.00. On February 25, 1977, $160,490.00 was deposited in Frost National Bank in San Antonio to open an account styled "R.H. Pat Padon or Carolyn Padon." Both parties agree Mr. Padon inherited and deposited $160,000.00 into this account. Both parties also agree that in early 1977 a house was purchased for $89,900.00, which was paid for by check. The March bank statement of the Padon's account shows no additional deposits from the time of the initial $160,-490.00 deposit until March 4, 1977. On March 1, 1977, the statement shows a check cleared the account in the amount of $89,900.00.

Both parties testified that all monies received from all sources during the marriage were subsequently deposited into this account. The March 1977 statement is the only statement in evidence.

▮▮▮ Property acquired during marriage by gift, devise or descent is separate property. TEX.FAM.CODE ANN.

§ 5.01(a) (Vernon Supp.1982–1983), and property purchased after marriage with separate funds is separate property. *Hilley v. Hilley*, 161 Tex. 569, 342 S.W.2d 565 (1961). While all property existing at the time a marriage is dissolved is presumed to be community, TEX.FAM.CODE ANN. § 5.02 (Vernon 1975), this presumption may be overcome by the process of tracing. *Tarver v. Tarver*, 394 S.W.2d 780 (Tex. 1965). We hold appellant established as a matter of law that the house at 14803 Bold Venture is his separate property and sustain appellant's first point of error.

Additionally, both parties agree that between March 1977 and March 1981, substantial improvements were made on the house and lot such as the construction of a swimming pool, the installation of an underground sprinkler system, a burglar alarm, extensive landscaping, the addition of a greenhouse, and the remodeling of the kitchen and a bathroom. Mrs. Padon stated the cost of the above improvements was approximately fifty thousand dollars while Mr. Padon placed the amount at forty to forty-five thousand dollars. The trial court's findings regarding these expenditures are as follows:

\* \* \* \* \* \*

9. The $50,000.00 award to Petitioner, secured by a lien on the property located at 14803 Bold Venture, was to reimburse Petitioner for improvements made to the house either from the community estate of the parties or the sole separate property of Petitioner or that part of the joint separate estate belonging to Petitioner, and I find that improvements costing in excess of $50,000.00 were made to such property from such funds.

10. There was evidence to show that the enhanced value of the property on 14803 Bold Venture, attributable to the expenditure of funds for improvements, exceeded $50,000.00.

1. Appellee was awarded $55,000.00. $5,000.00 in cash and a $50,000.00 note secured by appellant's house. Appellant contends the entire $55,000.00 is for enhancing the house. The findings of fact and conclusions of law, however, state that the amount awarded for enhancement is $50,000.00. We presume the $5,000.00 cash payment is part of the community property division and that only $50,000.00 was awarded for enhancement.

When community funds or the separate funds of one spouse are used for improving the separate property of the other spouse, the spouse whose funds were spent may claim reimbursement for his/her share of the funds expended to the extent the value of the property is enhanced by virtue of the expenditures. *Burton v. Bell*, 380 S.W.2d 561 (Tex.1964); *Lindsay v. Clayman*, 151 Tex. 593, 254 S.W.2d 777 (1952); *Dakan v. Dakan*, 125 Tex. 305, 83 S.W.2d 620 (1935).

The only evidence of enhanced value in the case at bar is from appellant's own testimony as shown by the following exchange:

Q: What is the fair market value of that house presently?

A: Today?

Q: Yes sir.

A: *With all the improvements*, I would guess probably around two hundred thousand dollars. [Emphasis ours.]

\* \* \* \* \* \*

Q: Now, is it your estimate then, in the record and for this record, that the cost of the house and the improvements *plus enhancement* in value today totals up to approximately two hundred thousand dollars? [Emphasis ours.]

A: Um-hum.

We believe this is at least some evidence that the expenditures enhanced the value of the house. However, we hold that the evidence is insufficient to support the trial court's determination that the enhanced value attributable to the expenditures exceeds $50,000.00. We sustain appellant's second and third points of error.

Appellant, in points of error four, five and six, challenges the trial court's division of the parties' community property. Appellant contends that in light of the award to appellee of $50,000.00 as reimbursement for the enhanced value of the house and $15,000.00 in attorney's fees, the division of the community estate is manifestly unjust and an abuse of the trial court's discretion.

The record reflects that the assets of the community were divided roughly in half. Appellant, however, was charged with the vast majority of the community debts. An examination of the record reveals the following exchange between Mr. Padon and his attorney:

Q: Mr. Padon, are you willing to pay the debts of this marriage?

A: Yes, I am.

\* \* \* \* \* \*

Q: You are telling the Court that you are willing to assume one hundred and twenty-nine thousand nine hundred dollars in indebtedness?

A: I am.

\* \* \* \* \* \*

Q: Why have you indicated the desire and the willingness to pay the debts of the marriage?

A: She can't pay them.

Q: But go beyond that, Mr. Padon. What have we talked about. [Sic]. Why is it important for you to pay those debts?

A: My credit, number one, is A-number one. I worked very hard to acquire it. And then it all shut down in one day's action. And it's been terribly damaged since September. And I want to try to restore that.

With the exception of the award of $50,000.00 to the wife for reimbursement and $15,000.00 for attorney's fees, the court's division of property is substantially the same as the division Mr. Padon requested and agreed to during the trial in response to questions propounded by his attorney.

The law is well settled that the property of the parties need not be divided equally but shall be divided "in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX.FAM. CODE ANN. § 3.63(a) (Vernon Supp.1982–1983); *See Cockerham v. Cockerham*, 527 S.W.2d 162 (Tex.1975). Broad discretion is granted the trial court in making this determination, and the division will not be disturbed absent a clear abuse of that discre-

tion. *McKnight v. McKnight*, 543 S.W.2d 863 (Tex.1976); *Cockerham, supra.* In making its determination, some of the factors, to list just a few, which the trial court may consider are disparity of earning power, probable need for future support, and the size of separate estates. *Murff v. Murff*, 615 S.W.2d 696 (Tex.1981); *Madrid v. Madrid*, 643 S.W.2d 186 (Tex.App.—El Paso 1982, no writ); *Janik v. Janik*, 634 S.W.2d 323 (Tex.App.—Houston [14th Dist.] 1982, no writ).

■■■ Mr. Padon contends since the house is his separate property, the trial court could not take this into consideration in its division of the community estate. Appellant relies on *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.1977), in support of this proposition. *Eggemeyer*, however, holds that a spouse may not be divested of title to his or her separate real property by the trial court's division of property at the time of divorce, not that the size of one spouse's separate estate may not be considered by a trial court in dividing the parties' community estate. This consideration by the trial court is approved in *Murff, supra* at 699, and is entirely proper.

■■■ The record further reflects Mrs. Padon had far less earning capacity than Mr. Padon, and was awarded custody of the parties' minor child who had at least some medical problems. Mrs. Padon would now no longer be able to live in a house which was paid for, but would have to provide a place to live for both herself and her child.

Even absent the fact the property was divided in substantially the way appellant requested, which we believe should preclude his right to complain, *Janik, supra* at 325; we find no abuse of discretion in the division of the property. Appellant's points four, five and six are overruled.

Appellant, in points of error seven and eight, challenges the award of attorney's fees to appellee. Appellant contends the evidence is insufficient to support the award.

The trial court awarded appellee's attorney $15,000.00 for his services at trial and $5,000.00 for his services on appeal in the event appellee is the prevailing party.

Mr. Oscar Gonzalez, one of appellee's attorneys, testified he charged one hundred dollars per hour; that in excess of three hundred hours had been spent on this case; and that the fees were reasonable and necessary.

Appellee also called Oliver Heard as an expert witness. He expressed an opinion based on a hypothetical that a reasonable fee would be between thirty and sixty thousand dollars with ten thousand dollars additional fees in the event of an appeal.

Appellant's expert witness was Richard Ihfe. He testified in response to a hypothetical that a reasonable fee would be between five and twelve thousand dollars with five thousand additional dollars in the event of an appeal.

■■■ An award of attorney's fees in a divorce action rests within the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion. *Warner v. Warner*, 615 S.W.2d 904, 908 (Tex.Civ.App.—Fort Worth 1981, no writ). In awarding attorney's fees, the court may consider many, if not all, of the same factors used in determining a division of the property. *See Murff v. Murff*, 615 S.W.2d 696 (Tex.1981). The award of attorney's fees must be supported by the evidence. *Fambro v. Fambro*, 635 S.W.2d 945 (Tex.App.—Fort Worth 1982, no writ).

■■■ In light of the testimony summarized above, we hold the award and amount of attorney's fees is supported by the evidence, and find no abuse of discretion by the trial court. Points of error seven and eight are overruled.

Appellant next complains, in points of error nine, ten, and twelve, of the actions of the trial court in appointing an auditor over appellant's objection, and assessing the cost against appellant. Point of error eleven contends the auditor's report is against the great weight and preponderance of the evidence.

**360**

The report itself was not introduced into evidence and is not contained in the record. Point of error eleven is overruled.

The facts surrounding the appointment of the auditor are as follows:

As recently as March, 1980, Mr. Padon had filed financial statements indicating a net worth of over four million dollars. No income tax returns had been filed by Mr. Padon in the ten years preceding the divorce. There were no general ledgers, journals, nor books of account for Mr. Padon's operations of buying, selling and developing oil and gas leases. Mr. Padon contended at the time appellee petitioned for divorce (September 1, 1981) that he now had an extremely low, or negative net worth.

TEX.R.CIV.P. 172 provides in part, "when an investigation of accounts or examination of vouchers appears necessary for the purpose of justice between the parties to any suit, the court shall appoint an auditor or auditors to state the account between the parties and to make a report thereof to the court as soon as possible." *Id.* In 3 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 10.16.1 (rev. 1983), the statement is made that "[w]hether an auditor should be appointed is left to the discretion of the trial court, and its action is revised only on a showing of gross abuse." *See Gifford v. Gabbard,* 305 S.W.2d 668 (Tex. Civ.App.—El Paso 1957, no writ); *Ingham v. Ingham,* 240 S.W.2d 409 (Tex.Civ.App.— Amarillo 1951, mand. overr.). While both *Gifford* and *Ingham, supra,* deal with a trial court's refusal to appoint an auditor, we believe the rule is equally applicable to the court's actions in appointing one. Additionally, McDONALD, *supra* at § 10.16.-3, states: "the auditor is allowed a reasonable fee, set by the court in the exercise of a discretion revised only on a showing of abuse, and usually taxed as costs against the party whose improper acts rendered necessary the reference." *Id.*

We find no abuse in the appointment. We further feel that while the report was not admitted into evidence and did not disclose any concealed assets but rather tended to corroborate appellant's contentions of his lack of assets, the court's assessment of the auditor's fee against appellant was not an abuse of discretion. Accordingly, appellant's points of error nine, ten and twelve are overruled.

In light of our disposition of points of error two and three, that portion of the decree awarding appellee $50,000.00 in reimbursement for the enhanced value of the house at 14803 Bold Venture, is reversed and the cause is remanded for a new trial solely to determine what amount, if any, appellee should be reimbursed for the enhancement, if any. *See Jensen v. Jensen,* 665 S.W.2d 107 (1984). The judgment, in all other respects, is affirmed.