Affirmed and Memorandum Opinion filed March 22, 2005









Affirmed
and Memorandum Opinion filed March 22, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00066-CV

_______________

 

PAULINE BUI, Appellant

 

V.

 

DELFORD N. WILCOXSON,
Appellee

________________________________________________________

 

On Appeal from the 310th
District Court

Harris County, Texas

Trial Court Cause No. 97‑37663

________________________________________________________

 

M E M O R A N D U M   O P I N I O N

In this suit for modification of
conservatorship, we determine whether the trial court abused its discretion by
removing appellant Pauline Bui as sole managing conservator of the parties= children and ordering a joint
managing conservatorship.  Appellant
argues the evidence is legally and factually insufficient because appellee
Delford Wilcoxson failed to present direct evidence of circumstances existing
when the original custody order was entered. We affirm.








I.  Factual
Background

Pauline Bui and Delford Wilcoxson are
the parents of two minor children.  In
July 1997, the trial court entered an Agreed Order Establishing the
Parent-Child Relationship (AAgreed Order@).  In the Agreed
Order, Pauline was appointed sole managing conservator of the children, and
Delford was appointed possessory conservator.  
Approximately six years later, Delford filed a petition to modify the
parent-child relationship, seeking joint managing conservatorship.  Delford also requested that he be granted the
right to establish the children=s primary residence. 
After a bench trial, the court removed Pauline as sole managing conservator,
appointed Pauline and Delford as joint managing conservators, and awarded
Delford the exclusive right to designate the children=s primary residence.  This appeal followed.

II.  Discussion

In her sole issue on appeal, Pauline
argues the trial court abused its discretion because there was no evidence or
factually insufficient evidence to prove a material and substantial change in
circumstances.[1]  According to Pauline, because Delford failed
to demonstrate what conditions existed at the time the Agreed Order was
entered, there can be no finding by the trial court that a material and
substantial change has occurred.  She
contends this alleged lack of evidence is fatal to Delford=s petition to modify.   Pauline further argues that at trial Delford=s complaints only focused on current
conditions, Aespecially that [Pauline] is
unpleasant to him.@  Pauline asserts that
there is no indication this alleged condition was not present when the Agreed
Order was entered.  The record, however,
reflects Delford relied on, among other things, Pauline=s frequent changes of address and
employers following the Agreed Order, and her subsequent marriage, as material
and substantial changes. 








A.        Standard of Review

We review a trial court=s decision to modify conservatorship
under an abuse of discretion standard.  Gillespie
v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982).  The trial court=s order will not be disturbed on
appeal unless the complaining party can show a clear abuse of discretion.  Id. 
A trial judge is wisely vested with this discretion because she is best
able to observe the witnesses, their demeanor and personalities, and can sense
the Aforces and powers@ motivating them.  Warchol v. Warchol, 853 S.W.2d 165,
168 (Tex. App.CBeaumont 1993, no writ); see also
Jenkins v. Jenkins, 16 S.W.3d 473, 477 (Tex. App.CEl Paso 2000, no pet.).  

The test for abuse of discretion is
whether the court acted arbitrarily, unreasonably, or without regard to guiding
rules or principles.  McGuire v.
McGuire, 4 S.W.3d 382, 384 (Tex. App.CHouston [14th Dist.] 1999, no pet.).
The mere fact that a trial court decided an issue in a manner differently than
an appellate court would under similar circumstances does not establish an
abuse of discretion.  Bates v. Tesar,
81 S.W.3d 411, 424 (Tex. App.CEl Paso 2002, no pet.). 
An abuse of discretion does not occur as long as some evidence of a
substantive and probative character exists to support the trial court=s decision.  Jenkins, 16 S.W.3d at 477.  Under an abuse of discretion standard, legal
and factual sufficiency challenges to the evidence are not independent grounds
of error, but are merely factors in assessing whether the trial court abused
its discretion.[2]  In re D.S., 76 S.W.3d 512, 516 (Tex.
App.CHouston [14th Dist.] 2002, no pet.). 








Pauline did not request findings of
fact and conclusions of law.  Generally,
when the trial court does not issue findings and conclusions, all facts
supported by the evidence and necessary to support the judgment are
implied.  Vickery v. Comm=n for Lawyer Discipline, 5 S.W.3d 241, 251 (Tex. App.CHouston [14th Dist.] 1999, pet.
denied).  But when the appellate record
includes both the reporter=s record and the clerk=s record, as it does here, the
implied findings are not conclusive and may be challenged for legal and factual
sufficiency.  Id.

B.        Requirements
for Modification

To support modification of an order
regarding conservatorship, a trial court must find that the modification would
be in the best interests of the children and, as it applies to this case, that
the circumstances of the children, a conservator, or other party affected by
the order have materially and substantially changed since the date of the
rendition of the order.[3]  See  Tex.
Fam. Code Ann. ' 156.101(1) (Vernon Supp. 2004).[4]  The party seeking modification has the burden
to establish these elements.  In re
T.D.C., 91 S.W.3d 865, 871 (Tex. App.CFort Worth 2002, pet. denied).  The best interest of the child must be the
court=s primary concern in such
proceedings.  Tex. Fam. Code Ann. ' 153.002 (Vernon 2002); T.D.C.,
91 S.W.3d at 873.  

The requirement of a material and
substantial change of circumstances under Section 156.101 rests on the doctrine
of res judicata, establishing the best interests of the children at the
time the original order was issued.  In
re M.N.G., 113 S.W.3d 27, 33 (Tex. App.CFort Worth 2003, no pet.).  By requiring a material and substantial
change, the statute works to prevent constant relitigation regarding the
children.  In re C.Q.T.M., 25
S.W.3d 730, 735 (Tex. App.CWaco 2000, pet. denied). 









Some of the circumstances our courts
have held as evidencing material and substantial changes are as follows: (1)
the marriage, or remarriage, of one parent; (2) poisoning of the minds of the
children by one parent; (3) one of the parties becoming an improper person for
custody; (4) changes in the home surroundings; (5) one of the parents becoming
unpleasant toward a child or other similar changes.  Leonard v. Leonard, 218 S.W.2d 296,
301 (Tex. Civ. App.CSan Antonio 1949, no writ); see also C.Q.T.M., 25
S.W.3d at 735 (noting that evidence of a subsequent marriage to another can
constitute a material change of circumstances). 

C.        Is
the Evidence Legally and Factually Sufficient?

We first address Pauline=s argument that because Delford
failed to offer direct evidence of the circumstances existing at the time the
Agreed Order was entered, he failed to establish a material and substantial
change had occurred.  








Although it is well settled that a
party moving to modify a custody order must establish that the circumstances of
the child, a conservator, or other party affected by the order have materially
and substantially changed, the method of establishing any change is not
prescribed by the Family Code.  See
T.A.B. v. W.L.B., 598 S.W.2d 936, 939 (Tex. Civ. App.CEl Paso 1980), writ ref=d n.r.e., 605 S.W.2d 695 (Tex. 1980) (per
curiam).  The requirement under the
statute is only that a change must be shown. 
Id.; see Tex. Fam.
Code Ann. ' 156.101 (Vernon Supp. 2004). 
AAny method of proof which does that
satisfies the [s]tatute.@  T.A.B., 598
S.W.2d at 939.  Thus, when evidence is
offered that shows new and different conduct or circumstances occurring
subsequent to the rendition of the order to be modified, it can serve to
establish a material and substantial change. 
Id. at 939B40; e.g., Chance v. Chance, 911 S.W.2d 40, 48B49 (Tex. App.CBeaumont 1995, writ denied)
(examining evidence regarding events occurring subsequent to the divorce decree
and finding it inferentially established the necessary proof for modification);
see also C.Q.T.M., 25 S.W.3d at 734B35 (finding evidence of changed
circumstances is generally relevant insofar as it reflects a change of
circumstances after the date of rendition of the decree sought to be modified);
Villarreal v. Villarreal, 684 S.W.2d 214, 218 (Tex. App.CCorpus Christi 1984, no writ) (AWhether there has been a material and
substantial change of conditions affecting the child is normally to be
determined by an examination of the evidence of changed circumstances occurring
between the date of the order or judgment sought to be modified and the date of
the motion to modify.@).  In this case, after
reviewing the record evidence, we conclude it is sufficient to show material
and substantial changes occurred since the Agreed Order was entered, and
therefore supports the trial court=s modification.

Pauline testified that she married
Jameel Abu Jarad on July 27, 1997, a date subsequent to the Agreed Order. She
stated Jarad left the United States in 2001 because he had been charged with
theft of over $100,000 and was being sought by the police.  She acknowledged there was a warrant out for
his arrest.  Pauline testified that Jarad
could not reenter the United States legally, but acknowledged that she had not
sought a divorce, injunction, or protective order regarding Jarad.  Pauline also testified that her daughter
slept with her and Jarad, and when asked whether she would be surprised if her
daughter informed someone that she saw Pauline and Jarad performing a sex act,
Pauline responded, ANo, I wouldn=t.  She should be
asleep, though.@   

Pauline also admitted that in January
of 2003, while she was in California, she smoked marijuana.  Pauline testified that she would not be Asurprised@ if the children had seen her smoking
it while there.  Following this
testimony, Delford=s counsel questioned Pauline regarding her residences since
1997 and established that Pauline had lived at six different locations
subsequent to that time.  It was also
established that Pauline had several different employers following the Agreed
Order and, at the time of the hearing, although she was working two part-time
jobs, she was not employed full-time.   

Delford testified that Acareerwise,@ prior to the Agreed Order, he was
not Aset.@ 
He stated, however, that he became a police officer in December 1997 and
had been working as an officer since that time. 
He also testified that he had purchased a house subsequent to the Agreed
Order.  Finally, Delford statedCand Pauline agreedCthat Pauline had cursed and insulted
Delford while the children were present. 
All of these events occurred subsequent to July 23, 1997, the date the
Agreed Order was entered.  








We conclude this evidence is legally
and factually sufficient to support the trial court=s order modifying conservatorship.  See, e.g., T.A.B., 598 S.W.2d
at 939B40 (upholding modification due
primarily to evidence of mother=s Aquick marriage@ and change of residences,
characterizing the mother=s lifestyle as unstable following divorce); see also Brown
v. Brown, 500 S.W.2d 210, 215B16 (Tex. Civ. App.CTexarkana 1973, no writ) (holding
that even controverted evidence of materially changed conditions binds
appellate courts unless a clear abuse of discretion is apparent).  We hold the trial court did not abuse its discretion
and, accordingly, affirm the judgment of the trial court.  

 

/s/        Eva M.
Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed March 22, 2005.

Panel consists of Justices Yates,
Edelman, and Guzman. 

 

 











[1]  See Tex. Fam. Code Ann. ' 156.101 (Vernon Supp. 2004).





[2]  Because we
apply an abuse of discretion standard to a modification suit, the traditional
sufficiency standards of review overlap the abuse of discretion standard.  See In re C.R.O., 96 S.W.3d 442, 447
(Tex. App.CAmarillo 2002, pet. denied).   





[3]  Pauline does
not challenge the trial court’s determination that modification was in the
children’s best interest. 





[4]  In his amended
petition to modify, Delford also alleged that Pauline, as the conservator with
the exclusive right to designate the children’s primary residence, had
voluntarily relinquished primary care and possession of the children for at
least six months.  In its final order,
however, the trial court concluded that there had been a material and
substantial change in the “circumstances of the children and the conservators,”
and neither party on appeal argues that Pauline had relinquished care and
possession of the children for the requisite period of time.  See Tex.
Fam. Code Ann. ' 156.101(3).