Here the court of civil appeals has correctly stated the requirements for a quasi-admission to be treated as a conclusive judicial admission. 588 S.W.2d at 615. However, we disagree with their conclusion that Mendoza's testimony met those requirements. We are of the opinion that Mendoza's opinion testimony was not so clear and unequivocal as to come under the rule announced in *Carr*, and that the possibility of a mistake has not been eliminated.

The issue of whether a claimant's physical condition is such that he is totally incapacitated due to an injury is a fact question. It calls for the expression of an opinion concerning the claimant's physical condition and does not involve a conclusion as to the legal effect of the physical condition. Usually medical experts are called to offer opinion testimony concerning the nature of the injury, whether it is temporary or permanent, and the extent of disability or incapacity resulting from the injury. *Federal Underwriters Exchange v. Cost*, 132 Tex. 299, 123 S.W.2d 332, 335 (1938). The opinions of medical experts on such matters are based upon training and experience, and involve a prognosis of the claimant's physical condition. By contrast, the testimony of a lay witness on such matters can only be based on his observation of physical facts such as the presence of pain or limitation of movement. There are certain medical areas in which the average lay person would not possess sufficient knowledge to form an opinion which would be of any aid to the jury. *Scott v. Liberty Mutual Insurance Co.*, 204 S.W.2d 16 (Tex.Civ.App.-Austin 1947, writ ref'd n. r. e.). An opinion that would conclusively admit that a back injury has resulted in a total temporary, total permanent, or merely partial inability to work requires medical knowledge beyond that of the average lay person. Also, the testimony of Mendoza does not exclude the possibility that his opinion was mistaken in that it may have comprehended factors other than his physical condition such as his ability to obtain employment as a manual laborer or the availability of jobs in his community. Therefore Mendoza's testimony that his physical condition was such that he was totally unable to work prior to November 30, 1976 was not deliberate, clear and unequivocal, so as to preclude his recovery by a judicial admission.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.

**T. A. B., Petitioner,**

v.

**W. L. B., Respondent.**

**No. B-9589.**

Supreme Court of Texas.

Oct. 22, 1980.

Rehearing Denied Dec. 3, 1980.

Barnes & Lewis, W. R. Barnes and Tyron D. Lewis, Odessa, for petitioner.

Bill McCoy and John W. Cliff, Odessa, for respondent.

PER CURIAM.

The application for writ of error is refused, no reversible error. 598 S.W.2d 936.

This action is not to be construed as approving the language of the court of civil appeals that § 11.13(b) of the Texas Family Code prohibits an appellate court from considering no evidence points properly raised on appeal.