**In the Interest of Suzanne SOLIZ, a Child.**

**No. 13–83–532–CV.**

Court of Appeals of Texas, Corpus Christi.

April 30, 1984.

J.B. Peacock, Jr., Falfurrias, for appellant.

Thomas Sullivan, Downey & Sullivan, Brownsville, for appellee.

Before KENNEDY, YOUNG and UTTER, JJ.

OPINION

KENNEDY, Justice.

This is a child custody case. The mother, appellant, brought suit for modification of a prior court decree which gave custody of her nine year old daughter (Suzanne) from herself to the father. The father, appellee, answered with a general denial and a cross-action. A jury found that a material and substantial change of circumstances had occurred to Suzanne Soliz or Joe Soliz (father), since rendition of the prior order; that the preservation of the father as managing conservator would be injurious to the welfare of the child; and that the appointment of the mother would be a positive improvement for the child. The father filed a motion for judgment non obstante

veredicto, which was granted by the trial court. The mother appeals from the entry of the trial court's judgment.

The parties were divorced in February of 1977. At the divorce hearing, Mrs. Lopez was awarded custody of Suzanne Soliz, and Mr. Soliz was awarded custody of Brian Soliz, the only children of the marriage. Subsequently, in the fall of 1978, Mr. Soliz filed a motion to modify the decree which had awarded custody of Suzanne Soliz to Mrs. Lopez. A hearing was held in July of 1980, and the result of that hearing was that custody of Suzanne Soliz was awarded to Mr. Soliz. Mrs. Lopez brought suit in this case to regain her appointment as managing conservator of the child, Suzanne Soliz. We reverse and remand this cause for a new trial.

The three jury issues presented track TEX.FAM.CODE ANN. Sec. 14.08(c)(1) (Vernon Supp.1984) which provides:

"(c) After a hearing, the court may modify an order or portion of a decree that:
(1) designates a managing conservator if:
(A) the circumstances of the child, managing conservator, possessory conservator, or other party affected by the order or decree have materially and substantially changed since the entry of the order or decree to be modified; and
(B) the retention of the present managing conservator would be injurious to the welfare of the child; and
(C) the appointment of the new managing conservator would be a positive improvement for the child; or
(D) the managing conservator has voluntarily relinquished possession and control of the child for a period of more than 12 months and the modification is in the best interest of the child; or"

In order to show that a substantial and material change of circumstances had occurred to Mr. Soliz and that his continuation as managing conservator would be injurious to the welfare of the child, Suzanne Soliz, appellant urges in her brief: (1) that Mr. Soliz is constantly moving and unable to hold a steady job; (2) Mr. Soliz had brain surgery to remove a tumor in December of 1982, which resulted in a "loss of memory" problem; (3) that there have been instances in which the child was unattended; (4) that the child stays at the home of relatives sometimes during the week; (5) that Mr. Soliz does not know what the children watch on T.V.; (6) he cannot remember the last time he spanked Suzanne; and (7) he does not go to the athletic events that his daughter participates in.

The record reflects that Mr. Soliz left the employment of Brown & Root in December of 1980, and went to work for the Ingleside Police Department. He left that employment in February of 1981, because of the poor pay and the inexperience of his supervisors. From March of 1981 to March of 1983, Mr. Soliz worked for the Aransas Pass Police Department, until he was dismissed. Mr. Soliz now works as a Security Coordinator for Texas Security Systems. He also draws unemployment compensation every two weeks.

Concerning the surgery that Mr. Soliz had to remove a brain tumor in December of 1982, Mr. Soliz testified that he felt that his memory was not as good as it was before. He testified that he forgot the small things, indicating that he was not as good as before on remembering details, such as the number on a license plate or a list of groceries that he was supposed to buy.

Concerning the allegation that Suzanne was unattended from 4:30 to 5:30 for five (5) days a week during a particular period of time, appellee responds, and the record reflects, that she was with her fifteen year old brother during those periods.

The record reflects that both the mother and the father proffered expert testimony to support the proposition that they were qualified to be managing conservator of Suzanne. The father's expert witness testified that Mr. Soliz provides a very close and emotionally supportive nurturing relationship for Suzanne. The expert testified

that Suzanne viewed her step-mother as a good model for her and that conversely she saw her real mother as "punitive" and that "she felt there was nothing going on with her mother. They didn't do anything together." His interview with Suzanne indicated that she preferred to stay in the family, and that she enjoyed living with her father and step-mother. The father's expert further testified that Suzanne shows no struggle in choosing between her mother and step-mother and that she had made her choice and was comfortable with it. Testing performed by the father's expert showed that Suzanne likes herself and her family relationships. In conclusion, the father's expert testified that Suzanne and Mr. Soliz have a very positive relationship and that there would be no detriment to Suzanne or her development in maintaining that relationship.

The mother's expert testified concerning her observation of Suzanne during one of the periods in which Suzanne was on visitation with her mother. The mother's expert testified that damage to Suzanne's emotional stability *could* result from only being able to visit her mother from time to time and then having to leave. She testified that it is important for a nine year old girl to be with her mother. She concluded her testimony by stating that, *if* Suzanne wants to be with her mother and her mother can offer her a loving environment, then she should have the opportunity to be with her mother at this time.

 In a suit such as this, seeking a change of custody, the non-custodian parent has the burden of showing that a material change of conditions concerning the custodian parent has occurred, before a court of competent jurisdiction can change the custody of a minor child. *Knowles v. Grimes*, 437 S.W.2d 816 (Tex.1969); *In re Y.*, 516 S.W.2d 199 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). Thus, the mother had the burden to prove by a preponderance of the evidence that since the rendition of the last final judgment in the case between the same parties involving the custody of the child that there has

occurred material changes of conditions that were of such a nature that when they are considered, along with other existing facts and circumstances surrounding the parties and the child, that it would be in the child's best interest to change his custody from the father and award it to the mother. *Bukovich v. Bukovich*, 399 S.W.2d 528 (Tex.1966).

 If a change of conditions has been shown, the question becomes whether or not a change of custody is warranted. This is a question within the discretion of the trial court or jury, properly instructed, as the case may be. *Bukovich*, 399 S.W.2d at 529. If there is evidence of probative force, from which reasonable minds might have come to the same conclusion that the jury came to, then there is evidence to support the findings of the jury. When all of the evidence has thus been considered and the evidence does not preponderate against the jury's finding, it is the duty of the trial court and of this Court to enter and uphold the judgment in keeping with such findings. The trial court cannot substitute its judgment, in such cases, for that of the jury. If the evidence is factually insufficient and the finding is manifestly unjust, the trial court can only grant a new trial. *Becerra v. Garibaldo*, 526 S.W.2d 780 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

Appellant's first point of error complains that the district court erred in granting Mr. Soliz' judgment non obstante veredicto for the reason that the trial court does not have the authority to grant such a motion in cases in which the appointment of a managing conservator for a minor child is at issue. We agree.

 TEX.FAM.CODE ANN. Sec. 11.-13(b) (Vernon Supp.1984) provides:

The court may not enter a decree that contravenes the verdict of the jury, except with respect to the issues of the specific terms and conditions of access to the child, support of the child, and the

rights, privileges, duties and powers of conservators, on which the court may submit or refuse to submit issues to the jury as the court determines appropriate, and on which issues the jury verdict, if any, is advisory only.

We hold that subsection (b) of this section, as amended, effective September 1, 1981, did not change prior existing law which mandated that a trial court not contravene a jury verdict on the appointment of managing conservators. Thus, it is improper for a trial court to enter a judgment non obstante veredicto. *Fambro v. Fambro*, 635 S.W.2d 945 (Tex.Civ.App.—Forth Worth 1982, no writ); *Becerra v. Garibaldo*, 526 S.W.2d at 780; *In re Y.*, 516 S.W.2d 199 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.).

Appellant's first point of error is sustained.

▪ Since the trial court improperly granted a judgment non obstante veredicto, we find the proper action to be to consider appellee's cross-points of error. Appellee challenges by legal and factual insufficiency points the findings of the jury on the three special issues presented. At the outset, we hold that this court does have the authority to consider properly raised "no evidence" points as presented in appellee's brief and that, if such a point were to be sustained, this Court could and would render judgment for the proper party.[1] *T.A.B. v. W.L.B.*, 598 S.W.2d 936 (Tex.Civ.App.— El Paso) writ ref'd n.r.e. Per Curiam, 606 S.W.2d 695 (Tex.1980).

By his first and second cross-points, appellee challenges by legal and factual insufficiency points, respectively, the jury's finding in Special Issue Number One that the circumstances of the child, Suzanne Soliz, or the circumstances of the managing conservator, Joe Soliz, have materially and substantially changed since the entry of the order which is sought to be modified.

We, of course, are guided by well-established rules of law in considering legal and factual insufficiency points. *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza*, 626 S.W.2d 120 (Tex. Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361 (1960).

▪ Appellee's cross-point of error number one will be overruled. However, appellee's cross-point of error number two, challenging the factual sufficiency of the evidence to support the jury's finding to Special Issue Number One, is sustained. We hold that appellant failed to meet her burden of proof in showing a material change of conditions and circumstances, since the rendition of the prior order. *Bukovich v. Bukovich*, 399 S.W.2d 528 (Tex. 1966). A slight change in conditions does not warrant a change in custody of children. *Short v. Short*, 354 S.W.2d 933 (Tex. 1962). The fact that Mr. Soliz changed jobs and locations several times does not necessarily vitiate against him, if the changes were to his benefit. While he may have been dismissed from one job after working there two years, that reason alone would not be sufficient to change custody of Suzanne, absent a showing that such changes have been injurious to Suzanne and against her best interest. We are also unconvinced that Mr. Soliz' operation has had a detrimental effect on his ability to care for and support Suzanne. We hold that the evidence which appellant presented does not support the finding that the changes which occurred to Mr. Soliz were substantial and material.

▪ Appellee's cross-points of error numbers three and four challenge by legal and factual insufficiency points, respectively, the jury's finding to Special Issue Number Two that the retention of the father,

---

1. In the above cited case, the Court of Appeals held that it could not enter judgment that would contravene the verdict of a jury in a suit affecting the parent-child relationship, and thus, it would decline to consider no evidence points. In its per curiam opinion finding no reversible error, the Supreme Court held that its action was not to be construed as approving the language of the Court of Civil Appeals that Sec. 11.13(b) of the Texas Family Code prohibits an appellate court from considering no evidence points properly raised on appeal.

Joe Soliz, as managing conservator would be injurious to the welfare of the child, Suzanne Soliz. We will overrule the no evidence point; however, we will sustain the factual insufficiency point. In our opinion, appellant failed to meet her burden of proof in showing that the retention of Mr. Soliz as managing conservator would be injurious to the welfare of Suzanne. The testimony of both experts was to the effect that Suzanne is a well-adjusted child and a good student with an excellent vocabulary. We have considered all of the evidence and believe that it preponderates against the jury's finding with respect to Special Issue Number Two. Thus, it becomes our duty, as it was the trial court's, to grant a new trial.

Because of our previous holdings, it will be unnecessary for us to consider appellee's cross-points number five and six, challenging the legal and factual sufficiency of evidence to support the jury's finding to Special Issue Number Three that the appointment of the mother, Mrs. Lopez, as managing conservator would be a positive improvement for the child.

Appellant's points of error numbers two and three are overruled, and appellee's cross-points of error numbers two and four are sustained.

The judgment of the trial court is REVERSED, and this cause is REMANDED for a new trial.