**In the Matter of the MARRIAGE OF Ralph I. ROBINSON and Lorrie Ann Robinson and in the Interest of M.I.R., a Child.**

No. 10–98–076–CV.

Court of Appeals of Texas, Waco.

March 29, 2000.

Melvin Gray, San Angelo, for appellant.

Whitney E. Fanning, Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

A husband filed for divorce from his wife of six years and sought custody of their only child. The wife responded by petitioning for divorce. She also sought custody of the child. A jury awarded sole managing conservatorship of the child to the father, and the trial court entered that finding in the divorce decree. The mother brings this appeal claiming that the evidence was both legally and factually insufficient to rebut the presumption that joint managing conservatorship is in the best interest of the child. We affirm the judgment.

### FACTUAL BACKGROUND

Ralph and Lorrie Robinson were first married in December of 1986. They divorced but remarried in 1991. In 1993, they had a child. Lorrie left Ralph and took the child with her in early 1997. Ralph filed a petition for divorce and asked to be appointed the child's sole managing conservator. Lorrie answered the petition and countered with her own petition for divorce. She also requested to be appoint-ed the child's sole managing conservator. No agreement could be reached between the parties, and the issue of conservatorship was presented to a jury. After a three day trial, the jury determined that Ralph should be appointed sole managing conservator. The court included this finding in its final decree of divorce and granted Ralph sole managing conservatorship of the child. Lorrie brings two issues on appeal.

### FACTUAL SUFFICIENCY

In her second issue, Lorrie raises factual sufficiency of the evidence. According to the Texas Rules of Civil Procedure,

A point in a motion for new trial is a prerequisite to the following complaints on appeal:

\* \* \*

■ (2) A complaint of factual insufficiency of the evidence to support a jury finding;

(3) A complaint that a jury finding is against the overwhelming weight of the evidence[.]

Tex.R. Civ. P. 324(b)(2) & (3). Lorrie filed a motion for new trial but did not include a complaint of factual insufficiency of the evidence or that the finding was against the overwhelming weight of the evidence. Therefore, Lorrie's second issue is not preserved for our review and accordingly, is overruled.

### LEGAL SUFFICIENCY

In her first issue, Lorrie questions whether the evidence is legally sufficient to rebut the statutory presumption in favor of joint managing conservatorship.

No-Evidence Issues in Custody Disputes

■ In a suit affecting the parent-child relationship, a party is entitled to a verdict by the jury on various issues, including, the appointment of a managing conservator or the appointment of joint managing conservators. Tex. Fam.Code Ann.

§ 105.002(c)(1)(A) & (B) (Vernon Supp. 2000). A trial court may not contravene a jury verdict on these issues. Tex. Fam. Code Ann. § 105.002(d) (Vernon Supp. 2000).

■ In the face of the language of the statute, the trial court cannot enter a decree that contravenes the verdict of the jury. *T.A.B. v. W.L.B.*, 598 S.W.2d 936, 938 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e 606 S.W.2d 695). Notwithstanding the trial court's inability to contravene the jury's decision on custody disputes, reviewing courts have the authority to consider, and sustain where warranted, properly raised legal sufficiency issues. *See In the Interest of Soliz*, 671 S.W.2d 644, 648 (Tex.App.—Corpus Christi 1984, no writ); *Fambro v. Fambro*, 635 S.W.2d 945, 948 (Tex.App.—Fort Worth 1982, no writ). *Contra T.A.B.*, 598 S.W.2d at 938.[1]

## Standard of Review

■ In reviewing Lorrie's legal sufficiency issue, we consider only the evidence and inferences tending to support the jury's finding, disregarding all contrary evidence and inferences. *Continental Coffee Products Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex.1996); *see also* Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 364 (1960). Both parties filed petitions for divorce seeking to be appointed sole managing conservator of the child. Thus, each party chose to assume the burden of rebutting the presumption that appointing both parents as joint managing conservators was in the child's best interest.

■ In child custody disputes, a rebuttable presumption exists that the appointment of the parents as joint managing conservators is in the best interest of the child. Tex. Fam.Code Ann. § 153.131(b) (Vernon Supp.2000). A rebuttable presumption "shift[s] the burden of producing evidence to the party against whom it operates." *In the Interest of Rodriguez*, 940 S.W.2d 265, 271 (Tex.App.—San Antonio 1997, writ denied) (*citing General Motors Corp. v. Saenz*, 873 S.W.2d 353, 359 (Tex. 1993)). Once that burden is discharged and evidence contradicting the presumption has been offered, the presumption disappears and is not weighed or treated as evidence. *General Motors Corp.*, 873 S.W.2d at 359. The presumption has no effect on the burden of persuasion. *Id.; Rodriguez*, 940 S.W.2d at 271.

■ Because this is a legal sufficiency complaint, if there is some evidence [2] that appointing Ralph as the sole managing conservator is in the best interest of the child, the evidence has the effect of:

1) rebutting the statutory presumption that appointing Ralph and Lorrie joint managing conservators is in the child's best interest; and

2) being legally sufficient to support the jury's determination.

*See Continental Coffee Products Co.*, 937 S.W.2d at 450.

## Applicable Law

■ If no written agreement concerning joint managing conservatorship is presented to the trial court, the factfinder may appoint the parents joint managing conservators *only if* the appointment is found to be in the best interest of the child. Tex. Fam.Code Ann. § 153.134(a) (Vernon 1996). In determining the best interest of the

---

1. In refusing a petition for writ of error, the Texas Supreme Court stated that its action was not to be construed as approving the El Paso court's language that the Family Code prohibited consideration of properly raised 'no evidence' points. *T.A.B. v. W.L.B*, 606 S.W.2d 695 (Tex.1980).

2. In this context, we use "some evidence" in its legal, technical meaning. Thus, anything more that a scintilla is some evidence. *See Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983). Of course, a scintilla of evidence is the judicial equivalent of no evidence. *Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 282 (Tex.1995).

child, the fact finder considers the following factors:

(1) whether the physical, psychological, or emotional needs and development of the child will benefit from the appointment of joint managing conservators;

(2) the ability of the parents to give first priority to the welfare of the child and reach shared decisions in the child's best interest;

(3) whether each parent can encourage and accept a positive relationship between the child and the other parent;

(4) whether both parents participated in child rearing before the filing of the suit;

(5) the geographical proximity of the parents' residences; and

(6) any other relevant factor.

*Id.* The Robinsons could not agree on the conservatorship of the child and thus, produced no written agreement to the trial court. The jury was charged on the foregoing factors to be considered in rendering their verdict.

 We review the evidence presented at trial to determine if the evidence relevant to these factors was legally sufficient to rebut the statutory presumption in favor of joint managing conservators and to support the jury's determination that appointing Ralph as sole managing conservator is in the best interest of the child. *In the Matter of the Marriage of Bertram,* 981 S.W.2d 820, 825 (Tex.App.—Texarkana 1998, no writ.); *Martinez v. Molinar,* 953 S.W.2d 399, 401 (Tex.App.—El Paso 1997, no writ); *Doyle v. Doyle,* 955 S.W.2d 478, 480 (Tex.App.—Austin 1997, no writ). As noted above, in a legal sufficiency review, *any evidence more than a scintilla is sufficient.*

### FACTS AND FACTORS

 As noted previously, neither Ralph nor Lorrie requested in their pleadings to be appointed joint managing conservators. On temporary orders of the trial court, the parties were named joint managing conservators but did not present a written agreement to the trial court before trial. Thus, we review the evidence in light of the factors listed in the Family Code.

### Benefits to the Child

Testimony revealed that prior to the trial, the parties each had possession of the child for two weeks at a time. Witnesses testified that the child was withdrawn and did not want to play after returning from his two weeks with Lorrie. One witness characterized the effect on the child if the child lived with Lorrie as worse than a funeral. Being raised by Lorrie, to the witness, would be condemning the child to the life of the homeless.

### Shared Decision–Making Ability

Evidence was produced from both parties that they could not share the decision making regarding the child's best interest. Lorrie never told Ralph that she was leaving him the second time and taking the child with her. She did not allow Ralph to have contact with the child for three to four weeks after she left him. Ralph could not locate Lorrie to serve her with the divorce petition. Both were afraid that if the other parent had the child, their visitation would be severely limited, or nonexistent.

It was discovered after the separation, that the child had speech problems. Ralph knew that Lorrie was going to have the child tested. However, Lorrie did not share the results of the test with him. Paperwork regarding the child was not shared with Ralph to enable him to enroll the child in special education classes for speech therapy. Ralph did not know that Lorrie had already enrolled the child in speech therapy classes where she lived.

The parties could not come to any agreements regarding the child prior to trial. Ralph further testified that Lorrie refused to compromise prior to trial and had not been cooperative at all. He also lamented that by trial, Lorrie had completely

stopped sharing any information about the child.

*Encourage a Positive Relationship*

Although Ralph testified he would encourage a positive relationship between Lorrie and the child, both parents were suspicious of each other. Neither believed that they would be allowed to participate in the child's life if the child lived with the other parent. There was ample testimony that the relationship between the parents was abusive. Ralph was physically and emotionally abusive toward Lorrie, and Lorrie was physically abusive toward Ralph.

*Child Rearing*

Both parents participated in the raising of the child.

*Geographical Proximity*

Ralph lived in Copperas Cove with his parents, and Lorrie lived in Sterling City with her mother and stepfather. There is no testimony about the distance between the two towns. However, testimony was developed that the town of Brownwood, the half-way point from Sterling City, was 100 to 120 miles away. A reasonable inference from the evidence would be that the parties resided at least 200 miles from each other.

APPLICATION

The record establishes that neither Ralph nor Lorrie could share the decision making ability nor could they promote a positive relationship between the child and the other parent. Furthermore, there is evidence that the child will not benefit from joint managing conservatorship and that the parents live too far apart to promote this form of custody. After applying the evidence to the Family Code factors, we conclude there is more than a scintilla of evidence to support the finding that appointing Ralph sole managing conservator was in the best interest of the child thus also rebutting the presumption in favor of appointing the parents as joint managing conservators. Lorrie's first issue is overruled.

CONCLUSION

Having resolved all the issues against Lorrie Robinson, we affirm the judgment of the trial court.