

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00066-CV

## IN THE MATTER OF THE MARRIAGE OF
## MARTHA PRESTON AND WAYLAND PRESTON
## AND
## IN THE INTEREST OF R.W.P., A CHILD

**From the 77th District Court**
**Freestone County, Texas**
**Trial Court No. 07-053-A**

## MEMORANDUM OPINION

Wayland filed for divorce against Martha and generally asked for joint managing conservatorship of their child, R.W.P. Martha filed a general denial. She did not specifically ask for custody of R.W.P. Wayland's parents, Darrell and Annie, intervened, asking to be appointed the joint managing conservators of R.W.P. The trial court appointed Darrell and Annie joint managing conservators of R.W.P. Martha appeals.

In one global issue, Martha contends the trial court abused its discretion in awarding custody of R.W.P. to the non-parent intervenors, Darrell and Annie. Because the trial court did not abuse its discretion, we affirm

The Texas Family Code provides that non-parents may be appointed as joint managing conservators of a child. TEX. FAM. CODE ANN. §153.372 (Vernon 2002). When non-parents seek joint managing conservatorship against the parents, it is presumed that the best interest of the child is served by appointing the parent as a sole managing conservator or both parents as joint managing conservators. TEX. FAM. CODE ANN. §153.131(a) (Vernon 2002); *see Lewelling v Lewelling*, 796 S.W.2d 164, 168 (Tex. 1990). This is known as the "parental presumption." However, the parental presumption for both sole and joint managing conservatorship is rebutted by a finding of family violence. TEX. FAM. CODE ANN. §§ 153.104(b); 153.131(b) (Vernon 2002).

The trial court found that Martha and Wayland "have been arrested on two occasions for domestic violence." Martha argues that because there was no evidence of a conviction, an arrest cannot be the basis for a finding that domestic violence occurred. Martha cites no authority for this proposition. Wayland testified that both he and Martha were arrested for "domestic violence." After the first arrest, they took an anger management class to dismiss the charge. After the second arrest, they both hired the same attorney and refused to file charges against each other. Martha agreed that her marriage to Wayland had been "pretty tough" and that there had been "domestic abuse." There was nothing to controvert the parties' testimony.

We review the trial court's findings of fact for legal and factual sufficiency of the evidence by the same standards applied in reviewing the evidence supporting a jury's finding. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). In reviewing the evidence under the appropriate standards, we find that legally and factually sufficient evidence

supports the trial court's finding of family violence. *See Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006); *City of Keller v. Wilson*, 168 S.W. 3d 802, 827 (Tex. 2005) (legal sufficiency standard) and *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (factual sufficiency standard). Therefore, the parental presumption was rebutted.

When evidence rebutting the presumption is offered, the presumption disappears and is not weighed or treated as evidence. *General Motors Corp. v. Saenz*, 873 S.W.2d 353, 359 (Tex. 1993). It then has no effect on the burden of persuasion. *Id*; *In re Robinson*, 16 S.W.3d 451, 454 (Tex. App.—Waco 2000, no pet.). All that must be shown by a preponderance of the evidence is that the appointment of the non-parents as joint managing conservators would be in the best interest of the child. *See* TEX. FAM. CODE ANN. §§ 105.005; 153.002 (Vernon 2002).

The trial court has wide latitude in determining best interests of a minor child. *See Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). A nonexclusive list of factors may be considered in deciding what is in the best interest of a child *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). The judgment of the trial court will be reversed only when it appears from the record as a whole that the court has abused its discretion. *Id*.

A review of the record reveals that Martha refused to allow Wayland to exercise possession of R.W.P., pursuant to temporary orders, on nine occasions. Martha explained that those particular times were her days off from work and that she thought they could agree to different periods of possession. Martha also was regularly late in taking R.W.P. to preschool. In the morning, the preschool focused on education.

R.W.P. was falling behind in preschool due to his frequent absences from the morning sessions. Martha and Wayland did not work with him regularly on his homework. Martha asked Annie to work with R.W.P. on his homework.

Wayland and his parents take R.W.P. to his doctor's appointments. Martha is supposed to reimburse Annie for half of the doctor's visits but has not done so.

Wayland said Martha drank a 6-pack of beer every day during the marriage. Martha testified that she no longer drank alcohol. Both Wayland and Martha were arrested for domestic violence. The Department of Family and Protective Services became involved in the family when Martha claimed Wayland pointed a gun at her. R.W.P. was removed and placed with Darrell and Annie. Wayland denied having a gun. According to Darrell, the Department was investigating Martha. Darrell and Annie intervened in Wayland's divorce and custody suit at the request of CPS. They were told that if Wayland and Martha reconciled, the Department would remove R.W.P. because of instability in the home.

Wayland has changed jobs frequently. He also allowed a vehicle to be repossessed.

Darrell and Annie are willing to take care of R.W.P. and have done so frequently since his birth. R.W.P. has his own room and belongings at their home. Darrell is retired. Annie will retire in a few years. Annie picks R.W.P. up from pre-school every day and works with him on his homework and other activities that he should know.

Based on a review of the record as a whole, we cannot say that the trial court abused its discretion in appointing Darrell and Annie as joint managing conservators of R.W.P.  Martha's sole issue is overruled.

The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Vance, and
        Justice Reyna
        (Justice Vance concurs in the judgment)
Affirmed
Opinion delivered and filed November 19, 2008
[CV06]