IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00066-CV

 

In the
Matter of the Marriage of

Martha
Preston and Wayland Preston

and

in the
Interest of R.W.P., a Child

 

 



From the 77th District Court

Freestone County, Texas

Trial Court No. 07-053-A

 



MEMORANDUM  Opinion










 

            Wayland filed for divorce against
Martha and generally asked for joint managing conservatorship of their child,
R.W.P.  Martha filed a general denial.  She did not specifically ask for
custody of R.W.P.  Wayland’s parents, Darrell and Annie, intervened, asking to
be appointed the joint managing conservators of R.W.P.  The trial court
appointed Darrell and Annie joint managing conservators of R.W.P.  Martha
appeals.

            In one global issue, Martha contends
the trial court abused its discretion in awarding custody of R.W.P. to the
non-parent intervenors, Darrell and Annie.  Because the trial court did not
abuse its discretion, we affirm

            The Texas Family Code provides that
non-parents may be appointed as joint managing conservators of a child.  Tex. Fam. Code Ann. §153.372 (Vernon 2002).  When non-parents seek joint managing conservatorship against the parents, it
is presumed that the best interest of the child is served by appointing the
parent as a sole managing conservator or both parents as joint managing
conservators.  Tex. Fam. Code Ann.
§153.131(a) (Vernon 2002); see Lewelling v Lewelling, 796 S.W.2d
164, 168 (Tex. 1990).  This is known as the “parental presumption.”  However,
the parental presumption for both sole and joint managing conservatorship is
rebutted by a finding of family violence.  Tex.
Fam. Code Ann. §§ 153.104(b); 153.131(b) (Vernon 2002).  

            The trial court found that Martha and
Wayland “have been arrested on two occasions for domestic violence.”  Martha
argues that because there was no evidence of a conviction, an arrest cannot be
the basis for a finding that domestic violence occurred.  Martha cites no
authority for this proposition.  Wayland testified that both he and Martha were
arrested for “domestic violence.”  After the first arrest, they took an anger
management class to dismiss the charge.  After the second arrest, they both
hired the same attorney and refused to file charges against each other.  Martha
agreed that her marriage to Wayland had been “pretty tough” and that there had
been “domestic abuse.”  There was nothing to controvert the parties’ testimony.

            We review the trial court's findings
of fact for legal and factual sufficiency of the evidence by the same standards
applied in reviewing the evidence supporting a jury's finding.  Catalina v.
Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).  In reviewing the evidence under
the appropriate standards, we find that legally and factually sufficient
evidence supports the trial court’s finding of family violence.  See Kroger
Tex. Ltd. P'ship v. Suberu, 216 S.W.3d 788, 793 (Tex. 2006); City of
Keller v. Wilson, 168 S.W. 3d 802, 827 (Tex. 2005) (legal sufficiency
standard) and Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); Pool
v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986) (factual sufficiency
standard).  Therefore, the parental presumption was rebutted.

            When evidence rebutting the
presumption is offered, the presumption disappears and is not weighed or
treated as evidence.  General Motors Corp. v. Saenz, 873 S.W.2d 353, 359
(Tex. 1993).  It then has no effect on the burden of persuasion. Id; In
re Robinson, 16 S.W.3d 451, 454 (Tex. App.—Waco 2000, no pet.).  All that
must be shown by a preponderance of the evidence is that the appointment of the
non-parents as joint managing conservators would be in the best interest of the
child.  See Tex. Fam. Code Ann.
§§ 105.005; 153.002 (Vernon 2002).

            The trial court has wide latitude in
determining best interests of a minor child. See Gillespie v.
Gillespie, 644 S.W.2d 449, 451 (Tex. 1982).  A nonexclusive list of factors
may be considered in deciding what is in the best interest of a child  See
Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976).  The judgment of
the trial court will be reversed only when it appears from the record as a whole
that the court has abused its discretion.  Id.  

            A review of the record reveals that
Martha refused to allow Wayland to exercise possession of R.W.P., pursuant to
temporary orders, on nine occasions.  Martha explained that those particular
times were her days off from work and that she thought they could agree to
different periods of possession.  Martha also was regularly late in taking
R.W.P. to preschool.  In the morning, the preschool focused on education. 
R.W.P. was falling behind in preschool due to his frequent absences from the
morning sessions.  Martha and Wayland did not work with him regularly on his
homework.  Martha asked Annie to work with R.W.P. on his homework.

            Wayland and his parents take R.W.P. to
his doctor’s appointments.  Martha is supposed to reimburse Annie for half of
the doctor’s visits but has not done so.  

            Wayland said Martha drank a 6-pack of
beer every day during the marriage.  Martha testified that she no longer drank
alcohol.  Both Wayland and Martha were arrested for domestic violence.  The
Department of Family and Protective Services became involved in the family when
Martha claimed Wayland pointed a gun at her.  R.W.P. was removed and placed
with Darrell and Annie.  Wayland denied having a gun.  According to Darrell, the
Department was investigating Martha.  Darrell and Annie intervened in Wayland’s
divorce and custody suit at the request of CPS.  They were told that if Wayland
and Martha reconciled, the Department would remove R.W.P. because of
instability in the home.  

            Wayland has changed jobs frequently. 
He also allowed a vehicle to be repossessed.  

            Darrell and Annie are willing to take
care of R.W.P. and have done so frequently since his birth.  R.W.P. has his own
room and belongings at their home.  Darrell is retired.  Annie will retire in a
few years.  Annie picks R.W.P. up from pre-school every day and works with him
on his homework and other activities that he should know.  

            Based on a review of the record as a
whole, we cannot say that the trial court abused its discretion in appointing
Darrell and Annie as joint managing conservators of R.W.P.  Martha’s sole issue
is overruled.

            The trial court’s judgment is
affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Justice
Vance concurs in the judgment)

Affirmed

Opinion
delivered and filed November 19, 2008

[CV06]